IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN PAGAN, )<br>No. M43947, )<br>        )<br>    Plaintiff, )<br>        )<br>    vs.     )<br>        )<br>ILL. DEPT. OF CORRECTIONS, and )<br>DR. SHAH, )<br>        )<br>    Defendants. ) | Case No. 15-cv-01121-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Juan Pagan is an inmate currently housed in Robinson Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the failure to properly diagnose and treat his persistent pain.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v.*

*Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

According to the complaint, since August 2014 Plaintiff has been asking Dr. Shah to properly diagnose and treat his persistent pain, to no avail. No further details about the nature of Plaintiff's pain are offered. Dr. Shah has refused to send Plaintiff for an outside consultation or MRI. Plaintiff claims Dr. Shah has been deliberately indifferent to his serious medical need, in violation of the Eighth Amendment.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a

condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Thus, the complaint states a colorable Eighth Amendment claim, but that does not end the analysis.

The Illinois Department of Corrections must be dismissed as a defendant. There are no allegations regarding any unconstitutional policy or practice of the Department, or any other basis for liability. The Illinois Department of Corrections, therefore, shall be dismissed.[1]

Although Dr. Shah's personal involvement is sufficiently alleged, the complaint does not contain a request for relief, as required by Federal Rule of Civil Procedure 8(a)(3). The complaint, therefore, will be dismissed without prejudice. A brief period will be allotted for Plaintiff to file an amended complaint. The amended complaint must contain all claims against all defendants Plaintiff desires to pursue—the amended complaint must be self-contained and not reference the original complaint.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the **ILLINOIS DEPARTMENT OF CORRECTIONS is DISMISSED** as a Defendant to this action.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED without prejudice**; on or before **November 16, 2015**, Plaintiff shall file an amended complaint.

---

[1] The Eleventh Amendment also bars suits against an un-consenting state—including its agencies and officers in their official capacities—for monetary damages. *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Administration*, 603 F.3d 365, 370 (7th Cir. 2010).

Failure to file an amended pleading by the prescribed deadline will result in the dismissal of this action with prejudice, and the assessment of a strike for purposes of 28 U.S.C. § 1915(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: November 3, 2015

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**