IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN PAGAN,<br>No. M43947,<br><br>        Plaintiff,<br><br>vs.<br><br>ILLINOIS DEPARTMENT OF<br>CORRECTIONS, and<br>DR. SHAH,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 15-cv-1121-MJR |

**MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

Plaintiff Juan Pagan is an inmate currently housed at Pickneyville Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to his medical care while housed at Robinson Correctional Center. Plaintiff originally filed his Complaint on October 9, 2015. (Doc. 1). It was dismissed without prejudice on November 3, 2015. (Doc. 7). Plaintiff filed an Amended Complaint on November 16, 2016. (Doc. 8).

This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

On August 28, 2014, Plaintiff played basketball on the yard at Robinson. (Doc. 8, p. 5). He suffered a severe sprain in his left foot. (Doc. 8, p. 5). While he received first aid, he had to wait three days to see a doctor with only an elastic bandage and OTC pain relievers. (Doc. 8, p. 5). Plaintiff saw Defendant Shah, who taught Plaintiff how to avoid putting pressure on his foot. (Doc. 8, p. 5). Shah provided no other treatment at that time. (Doc. 8, p. 5). Shah reviewed the x-ray with Plaintiff on September 12, 2014 and told Plaintiff that his foot was not fractured, only sprained. (Doc. 8, p. 5). Plaintiff alleges that a subsequent x-ray from March 6, 2015 shows a fracture of the second metatarsal. (Doc. 8, p. 5).

Although Shah ordered another x-ray on October 24, 2014, he represented that the x-ray likewise showed no facture or dislocation. (Doc. 8, p. 5). It also appears that

someone issued Plaintiff walking crutches and special boots.  (Doc. 8, p. 5).  Plaintiff was allowed to keep his job as a porter.  (Doc. 8, p. 5).

Plaintiff requested an MRI, but was denied.  (Doc. 8, p. 6).  He also requested to see an orthopedic surgeon for an evaluation, but that request was also denied.  (Doc. 8, p. 6).  Plaintiff cannot walk or stand for long periods of time without pain.  (Doc. 8, p. 6).  Plaintiff's foot is also unstable, and he alleges that there is a visible crack in his middle toe.  (Doc. 8, p. 6).  Health care has not addressed Plaintiff's requests for follow up care.  (Doc. 8, p. 6).

## Discussion

Previously, the Court dismissed Plaintiff's Complaint because he failed to request a remedy, as required by Federal Rule of Civil Procedure 8(a)(3).  (Doc. 7).  Plaintiff has now corrected that error and requested compensatory damages, as well as injunctive relief.  (Doc. 8, p. 7).

After reviewing the Amended Complaint, the Court finds that Plaintiff has stated one Count against Shah, which shall be used in all further filings and documents in this Court:

> **Count 1:**  Shah was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment.  U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety.  *See Estate of*

*Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Plaintiff has alleged that he suffers consistent pain while walking and standing as a result of his ankle injury. This makes his allegation that he suffers from a serious medical need plausible, which is sufficient at this stage in the proceedings.

Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior, the equivalent of criminal recklessness must ultimately be proved. *Farmer v. Brennan,* 511 U.S. 825, 835-37 (1994). Relative to medical professionals, erroneous treatment constituting a substantial departure from accepted medical judgment, practice, or standards may constitute deliberate indifference. *See Gayton,* 593 F.3d at 623; *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999). Physicians, however, are entitled to deference in treatment decisions "unless no minimally competent professional would have so responded under similar circumstances." *Sain v. Wood,* 512 F.3d 886, 894–95 (7th Cir.2008); *see Duckworth v. Ahmad,* 532 F.3d 675, 682 (7th Cir. 2008). Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference. *See Snipes v. DeTella,* 95 F.3d 586, 591(7th Cir. 1996); *Ciarpaglini v. Saini,* 352 F.3d 328, 331(7th Cir. 2003); *Garvin v.*

*Armstrong,* 236 F.3d 896,898 (7th Cir.2001) (Courts will not takes sides in disagreements about medical personnel's judgments or techniques).

Here, Plaintiff alleges that he was made to wait three days with only first aid treatment before seeing Shah.  He has further alleged that Shah was deliberately indifferent to his continued complaints when the treatment Shah provided failed to work, and as a result he suffers from permanent pain and impairment.  This is sufficient to state a claim for deliberate indifference, and at this stage, Plaintiff's Count against Shah will be allowed to proceed.

However, Plaintiff has once again named the Illinois Department of Corrections as a defendant.  Plaintiff cannot maintain his suit against the Defendant Illinois Department of Corrections, because it is a state government agency.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).  The Illinois Department of Corrections will therefore be **DISMISSED with prejudice**

## Disposition

**IT IS HEREBY ORDERED** that Defendant Illinois Department of Corrections is **DISMISSED with prejudice**

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendant **SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Plaintiff's Motion for Service of Process is **MOOT**. (Doc. 4). It was not necessary to file the motion, because Plaintiff has been granted leave to proceed IFP and has been found to have stated a claim.

**IT IS SO ORDERED.**

**DATED:  August 10, 2016**

s/ MICHAEL J. REAGAN
**MICHAEL J. REAGAN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**