IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *JUAN PAGAN, #M43947,* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:15-cv-01121-MJR-SCW |
| ) | |
| *DR. SHAH,* ) | |
| ) | |
| Defendant. ) | |

### DR. VIPIN SHAH'S MOTION FOR SUMMARY JUDGMENT ON THE MERITS

Defendant Dr. Vipin Shah, by and through his attorneys Sandberg Phoenix & von Gontard P.C., states the following for his Motion for Summary Judgment on the Merits pursuant to Rule 56 of the Federal Rules of Civil Procedure:

1. Plaintiff brought this civil rights action for alleged deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983.

2. Plaintiff generally alleges he injured his left foot in August of 2014 and that Dr. Shah failed to provide proper medical care on that date and at subsequent visits to the Health Care Unit including, among other allegations, a failure to refer Plaintiff to an orthopedic surgeon and a failure to request an MRI. [Doc. 8, Amended Complaint].

3. Summary judgment should be granted when the depositions, affidavits, and other "materials in the record" fail to establish a genuine issue of material fact. Fed.R.Civ.P. 56(a)-(c).

4. A prisoner seeking to establish that his Eighth Amendment rights were violated due to the medical he received in prison must prove that: (1) He had an objectively serious medical need, and (2) The defendant prison official was deliberately indifferent to that objectively serious medical need. *Arnett v. Webster,* 658 F.3d 742, 750 (7th Cir. 2011).

5. A medical condition is objectively serious if a physician has determined that treatment is mandated, or if it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir.2006), quoting *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir.1997). To be deliberately indifferent, there must be a condition that required treatment, knowledge on the part of the health care provider of an excessive risk to health or safety, and a decision to disregard that risk. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), quoting *Farmer v. Brennan*, 511 U.S. 825 (1994).

6. The Eighth Amendment does not require that prisoners receive unqualified access to health care. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). Rather, inmates are entitled only to "adequate medical care." *Boyce v. Moore*, 314 F.3d 884, 888–89 (7th Cir. 2002). A prisoner is entitled only to reasonable measures to meet a substantial risk of serious harm — not to demand specific care or to receive the best care possible. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Negligence, even gross negligence, does not constitute deliberate indifference. *Id*. at 898; *Thomas*, 461 F.Supp.2d at 793. Deliberate indifference "is merely a synonym for intentionally or criminally reckless conduct." *Id*. Deliberate indifference implies "at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent harm can be inferred from the defendant's failure to prevent it." *Id*.

7. As more fully stated in Defendant's Memorandum of Law, Defendant was not deliberately indifferent to Plaintiff's condition. Plaintiff cannot set forth any fact evidence, opinion evidence, or witness testimony demonstrating that the Defendant were deliberately indifferent to the Plaintiff's medical needs, and therefore this Court should grant summary judgment in their favor.

8. Defendant adopts his Memorandum of Law in Support of Motion for Summary Judgment filed contemporaneously.

WHEREFORE, Defendant Dr. Vipin Shah respectfully request this Court enter judgment in his favor and in accordance with the Motion and for any additional relief deemed just and proper under the circumstances.

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Rodney M. Sharp*_____
Rodney M. Sharp, #6191776
Timothy R. Tevlin, #6324746
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
rsharp@sandbergphoenix.com
ttevlin@sandbergphoenix.com

*Attorneys for Defendant Vipin Shah, M.D.*

### Certificate of Service

I hereby certify that on 20th day of June 2018 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Matthew W. Kelly
SCHREMPF, KELLY & NAPP, LTD.
mkelly@sknlawyer.com
*Attorney for Plaintiff*

*/s/ Rodney M. Sharp*_____